NOT DESIGNATED FOR PUBLICATION

No. 120,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHIRLEY A. BURROW,
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed October 4, 2019. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., HILL and WARNER, JJ.


PER CURIAM: Shirley Burrow pleaded no contest to a drug possession charge. Before sentencing, Burrow sought to withdraw her plea because at the time of the plea hearing, "she had lost hope and was not thinking clearly." The district court found that Burrow had not established good cause to withdraw her plea and denied her motion. Burrow appeals that denial, arguing she did not knowingly and voluntarily enter into the plea. We find the district court did not abuse its discretion in denying Burrow's motion and affirm.

1

During the course of a traffic stop in which Burrow was a passenger, police arrested both Burrow and the driver on outstanding warrants. Police officers and a drug-detecting dog then searched the car and found various drug paraphernalia and a bag containing methamphetamine. The State charged Burrow with possession of methamphetamine and possession of drug paraphernalia.

Although Burrow initially wanted to contest these charges, she ultimately entered into a plea agreement and waived the preliminary hearing. Thus, at a July 2018 hearing, Burrow pleaded no contest to the drug-possession charge; in return, the State dismissed the paraphernalia charge. The State also agreed that if Burrow abided by the terms of the agreement, the State would "stand mute" at sentencing—that is, the State would not oppose Burrow's request for a dispositional departure to probation.

At the plea hearing, the district court asked Burrow several questions about whether she understood the rights she was waiving by entering into the plea and the potential consequences of that plea. Following this discussion—commonly known as a plea colloquy—the court found Burrow "voluntarily, knowingly, understandingly, and intelligently waived her constitutional rights and entered her plea of no contest to" possession of methamphetamine. The court further found that there was "a factual basis for the plea" and that Burrow "underst[ood] the nature of the charges and the consequences of her plea." The court therefore accepted Burrow's plea and found her guilty of the possession charge. The court set a sentencing hearing for September 2018.

Burrow did not appear at her scheduled sentencing hearing. Since she had not shown up at the hearing and had committed other infractions in the interim, the State informed Burrow's counsel that it no longer would "stand mute" at sentencing and would argue for the standard sentence under the guidelines. Because she had been convicted of

2

drug felonies on two previous occasions, the standard sentence for Burrow's present conviction was 17 months in prison, followed by 12 months of postrelease supervision.

In November 2018—before her sentencing hearing was rescheduled but after the State indicated it would be arguing for a presumptive prison sentence—Burrow moved to withdraw her plea. Burrow's motion stated that, "In hindsight, [she] realize[d] that she had lost hope and was not thinking clearly" when she entered her plea. Her motion further stated, "Having had additional opportunity to think about the matter," she had "determined that she wants to contest the charge and have the case set for trial."

The court denied Burrow's motion. In doing so, the court explained that Burrow's argument for withdrawal was essentially "buyer's remorse," which did not "rise to the level of good cause to grant a motion to withdraw a plea." The court then sentenced Burrow to 17 months of imprisonment. This appeal follows.

## DISCUSSION

Burrow argues the district court abused its discretion in denying her plea withdrawal motion, claiming—based on her feelings of hopelessness, that she "felt like she had no alternative" and the plea agreement "was the best thing that was going to happen"—she did not understand she could still pursue a trial. Burrow asserts that the district court's colloquy with her at the plea hearing acts as a constitutional safeguard but does not always guarantee that the defendant understands the plea. The State counters that the district court did not abuse its discretion because neither Burrow's opportunity for reflection nor her belief at the plea hearing that she had no other option rise to the level of good cause.

A district court has discretion to grant the withdrawal of a defendant's no-contest plea before sentencing upon a showing of "good cause." K.S.A. 2018 Supp. 22-

3

3210(d)(1). On appeal, a person challenging a district court's denial of a motion to withdraw a plea must therefore establish that the court abused its discretion in reaching that decision. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). A judicial action constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable; if it is based on an error of law; or if it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

In determining whether a defendant has established good cause to withdraw a plea, courts consider three factors set forth in *State v. Edgar*, 281 Kan. 30, 127 P.3d 986 (2006): "[W]hether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" 281 Kan. at 36 (quoting *State v. Bey*, 270 Kan. 544, 545, 17 P.3d 322 [2001]); see also *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016) (while the *Edgar* factors are "'viable benchmarks for judicial discretion,'" courts may examine other considerations as needs arise in a particular case).

Burrow contends that the district court should have allowed her to withdraw her plea here based on the third *Edgar* factor—claiming her feeling of dejection at the time of her plea clouded her thought processes, and so her plea was not knowingly and understandingly made. Burrow did not testify at the plea withdrawal hearing, nor did she provide any testimony by affidavit. But Burrow's attorney indicated to the court that Burrow was in a "very low point" at the time of the plea and "felt like she had no alternative" going forward:

> "[Burrow] had expressed to me very strongly that she—she wanted to fight these charges. She felt she had a good defense to these charges and we were discussing that. The State made their offer which we conveyed to Ms. Burrow, and I mean, you could literally just see in her that just some sense of lost hope and resignation. She just was like all of a sudden she just felt like there was—there was nothing else she could do."

4

The district court concluded Burrow's arguments were a case of "buyer's remorse"—that Burrow "had some time to think" and was now second-guessing her plea. These second thoughts are unsurprising given the State's indication that it would be advocating for the standard prison sentence instead of standing mute at sentencing. But the district court correctly noted that "buyer's remorse does not rise to the level of good cause to grant a motion to withdraw a plea." The court also reviewed the transcript from the plea hearing and determined, based on the court's questions to Burrow and her responses at that time, that Burrow's plea was "fairly and understandingly made."

Burrow acknowledges that she told the court at the July 2018 hearing that she understood and agreed to accept the consequences of her plea. She argues that she now realizes, however, given her dejected state of mind at the time of the plea hearing, that she did not actually understand the consequences of her agreement. Burrow offers no evidence for this assertion, however. She does not present psychological reports documenting any mental condition that would have prevented her from understanding her actions or any related testimony. In fact, Burrow presented *no* evidence to support her motion—only arguments of counsel summarizing Burrow's state of mind and surmising as to how that mental state may have affected her decision to plead no contest. To allow Burrow to withdraw her plea in such circumstances—based only on statements of counsel regarding a defendant's alleged but unsubstantiated mental state—would undermine the accountability of the plea process and render obsolete the district court's important inquiries at the plea hearing.

There may be circumstances where a defendant can present compelling evidence that his or her mental state prevented him or her from meaningfully understanding a plea. But Burrow presented no such evidence for the district court to consider. The district court did not abuse its discretion in denying Burrow's motion to withdraw her plea.

Affirmed.

5